UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICARDO ROGELIO GUTIERREZ
RUVALCABA,

Petitioner,

v.

KRISTI NOEM, PAMELA BONDI, TODD
M. LYONS, and BRIAN ENGLISH,

Respondents.

CAUSE NO. 3:26-CV-223-CCB-SJF

## OPINION AND ORDER

Immigration detainee Ricardo Rogelio Gutierrez Ruvalcaba, by counsel, filed a

petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is

unlawfully confined in violation of the laws or Constitution of the United States. ECF 1.

The respondents have answered the petition, and Guttierez Ruvalcaba has filed a reply.

ECF 9, ECF 10. The petition is ready to be decided.

## BACKGROUND

Gutierrez Ruvalcaba is a citizen of Mexico who was admitted to the United States

on May 13, 2023, as a Conditional Permanent Resident. ECF 9-1 at 2. United States

Citizenship and Immigration Services terminated his conditional permanent resident

status on May 12, 2014. *Id.* at 28-29. On February 16, 2017, he applied for entry to the

United States at the southern border. *Id.* at 31, 38. Border Patrol discovered a warrant

for his arrest, so he was arrested and paroled into the United States for trial. *Id.* On

August 9, 2018, Gutierrez Ruvalcaba was convicted of federal drug distribution charges

and sentenced to 108 months' imprisonment. *Id.* at 21-27. Upon the completion of his criminal sentence, he was taken into the custody of Immigration and Customs Enforcement (ICE). Gutierrez Ruvalcaba was ordered removed to Mexico on November 13, 2024, and at the same time granted deferral of removal to Mexico under the Convention Against Torture, preventing his removal to Mexico but not to another country that will accept him. *Id.* at 6-15. He waived his right to appeal. *Id.* at 15.

Gutierrez Ruvalcaba filed this habeas petition in February 2026, arguing that his continued detention, exceeding 15 months following his removal order, was unlawful because his removal was not reasonably foreseeable. Specifically, he argued his removal was not reasonably foreseeable because he could not be removed to Mexico and ICE had not identified a potential third country for removal. In answering the petition, respondents represent that the Department of Homeland Security "is awaiting confirmation regarding third country removal." ECF 9 at 3. But they provide no evidence that any third countries have been contacted or even list what countries might be under consideration.

SUBJECT MATTER JURISDICTION

The respondents first argue that the court lacks subject matter jurisdiction over Gutierrez Ruvalcaba's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has thoroughly considered its jurisdiction to review post-removal-order immigration detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*, No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26,

2

2026) (Leichty, J.); *Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4

(N.D. Ind. Dec. 29, 2025) (Brisco, J.) (discussing § 1252(g)).

<u>MERITS</u>

Regarding the merits of the petition, the respondents first argue that Gutierrez

Ruvalcaba's detention is lawful under 8 U.S.C. § 1231 because the statute authorizes

detention pending execution of a removal order. However, beyond the "removal

period,"[1] which for Gutierrez Rubalcaba ended in February 2025, continued detention

is authorized only for certain noncitizens delineated in § 1231(a)(6) and only as long as

removal is reasonably foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001)

("[O]nce removal is no longer reasonably foreseeable, continued detention is no longer

authorized by statute."). The Supreme Court has instructed that once removal is not

reasonably foreseeable, "the court should hold continued detention unreasonable and

no longer authorized by statute," though any release "may and should be conditioned

on any of the various forms of supervised release that are appropriate in the

circumstances, and the alien may no doubt be returned to custody upon a violation of

those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of

detention" of six months in recognition of the Executive Branch's primary responsibility

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B). Because Gutierrez Ruvalcaba waived his right to appeal, his removal order became final when the removal order was entered on November 13, 2024. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(b).

in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. Because Gutierrez Ruvalcaba has been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable.

To start, Gutierrez Ruvalcaba cannot be removed to Mexico while the deferral of removal is in effect. The government has now had more than a year and a half to identify a potential third country for removal, and none has been found. The court finds that this showing constitutes good reason to believe that there is no significant likelihood of Gutierrez Ruvalcaba's removal in the reasonably foreseeable future, and the respondents offer no evidence to rebut this. Consequently, the court finds that the respondents have not adequately demonstrated that Gutierrez Ruvalcaba's removal is reasonably foreseeable. Therefore, the respondents must release him.

As a final matter, Gutierrez Ruvalcaba was ordered to show cause why every respondent but the Miami Correctional Facility Warden, the only respondent who exercises "day-to-day control" over him, should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the

4

facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021). He requests that the court retain Acting ICE Director Todd M. Lyons, in addition to the Warden, to ensure any release order can be implemented right away, but will not object to Director Lyons' dismissal. Gutierrez Ruvalcaba provides no authority to support keeping Director Lyons as a respondent, and this court has not heretofore experienced any delays in the implementation of its orders directing release. The court concludes that dismissal of the non-custodial respondents is appropriate.

For these reasons, the court:

(1) **DISMISSES WITHOUT PREJUDICE** Kristi Noem, Former Secretary of the United States Department of Homeland Security; Pamela Bondi, Former Attorney General of the United States; and Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; as respondents;

(2) **GRANTS** the petition for writ of habeas corpus (ECF 1) and **ORDERS** the respondent to release Ricardo Rogelio Gutierrez Ruvalcaba on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **June 24, 2026**;

(3) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release; and

(4) **ORDERS** that any fee petition should be filed within the deadlines set by the

Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED on June 23, 2026.

_/s/_ _Cristal C. Brisco_

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT